**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOHN R. GHOLAR, SR., | ) | NO. CV 21-9008-ODW(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| R. BURTON, Warden, | ) | |
| Respondent. | ) | |

On November 15, 2021, Petitioner filed a "Petition for a Writ of Habeas Corpus By a Person in State Custody" ("Petition"), to which is attached, inter alia, a "Motion to Vacate Judgment, etc." Petitioner seeks to challenge his 1987 sodomy conviction in Los Angeles County Superior Court (case number A091875), for which Petitioner received a prison sentence of fifteen years (see Petition at 2). Petitioner alleges that the trial judge was biased and committed misconduct (Petition at 5). Petitioner also alleges that he was actually innocent of the crime of sodomy (Petition at 5-6).

///

///

1  Petitioner previously has filed a number of federal habeas
2 actions attempting to challenge this same 1987 conviction. See Gholar
3 v. Eldridge, 2019 WL 1766166, at *1-5 (C.D. Cal. Apr. 22, 2019)
4 ("Order of Dismissal" reciting history of Petitioner's previous
5 cases). For the reasons explained below, the Court lacks jurisdiction
6 to entertain the present challenge to the 1987 conviction.

8  Under section 2254 of Title 28 U.S.C., a district court may
9 entertain a habeas petition filed "in behalf of a person in custody
10 pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).
11 Subject matter jurisdiction over such a petition exists only where, at
12 the time of filing, the petitioner is "in custody" under the
13 conviction challenged in the petition. Maleng v. Cook, 490 U.S. 488,
14 490-91 (1989); see Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010)
15 ("in custody" requirement is jurisdictional). A habeas petitioner
16 does not remain "in custody" under a conviction once the sentence
17 imposed for the conviction has "fully expired." Maleng v. Cook, 490
18 U.S. at 492. As described in the "Order re Dismissal" in Gholar v.
19 Eldridge, supra, this Court, the United States District Court for the
20 Eastern District of California and the United States Court of Appeals
21 for the Ninth Circuit all previously have ruled that Petitioner cannot
22 challenge his 1987 conviction in a federal habeas proceeding because
23 Petitioner no longer is in custody on that conviction. Therefore,
24 this Court (again) lacks jurisdiction to entertain Petitioner's
25 challenge to that conviction.
26 ///
27 ///
28 ///

**ORDER**

For the foregoing reasons, the Petition and Petitioner's "Motion to Vacate Judgment, etc." are denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 19, 2021.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED this 18th day of November, 2021, by:

          /S/
    CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE